[S.F. No. 23467. July 22, 1977.]

ROGER BARTHULI, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF JEFFERSON ELEMENTARY SCHOOL
DISTRICT, Defendant and Respondent.

718

**COUNSEL**

William E. Brown, Gerald A. Conradi and Brown & Conradi for Plaintiff and Appellant.

Maurice J. Nelson and Daniel L. Gardner as Amici Curiae on behalf of Plaintiff and Appellant.

William R. Johnston, Keith V. Breon and Joseph P. Bingaman for Defendant and Respondent.

**OPINION**

**CLARK, J.**—Petitioner appeals from judgment denying writ of mandate sought to compel his reinstatement as an associate superintendent for business in respondent school district. We affirm the judgment.

Petitioner held the position of associate superintendent of business for eight years. On 1 July 1972, petitioner and respondent entered a contract

pursuant to Education Code section 938 (§ 35031),[1] renewing his employment for a four-year term. The board of trustees voted to rescind the contract on 11 July 1973 "because of [petitioner's] prior breach of his employment contract."

The petition for writ of mandate alleges petitioner was at all times ready to perform, did not consent to the rescission, was not notified or provided a statement of reasons prior to rescission, and demanded reinstatement. The trial court ruled mandamus would not lie because petitioner possesses an adequate remedy at law in an action for breach of contract. The court held that petitioner had acquired the status of a permanent certificated employee as a classroom teacher but had not sought reinstatement to that position. Additionally, the court found petitioner was not entitled to a peremptory writ because respondent had shown, by a preponderance of evidence, petitioner breached the employment contract. The latter portion of the court's decision was based on findings petitioner failed to fulfill the responsibilities of his position concerning budgets, accounts and payroll; failed to carry out respondent's directives; improperly split purchase orders to avoid legally mandated competitive bidding; and allowed improper use of school district property.

Reinstatement has been recognized as an appropriate remedy when an employee has been discharged in violation of his statutory rights (e.g., *Blodgett* v. *Board of Trustees* (1971) 20 Cal.App.3d 183, 190 [97 Cal.Rptr. 406]; *Ball* v. *City Council* (1967) 252 Cal.App.2d 136, 141 [60 Cal.Rptr. 139]) or constitutional rights (e.g., *Bekiaris* v. *Board of Education* (1972) 6 Cal.3d 575, 593 [100 Cal.Rptr. 16, 493 P.2d 480]; *Bagley* v. *Washington Township Hospital Dist.* (1966) 65 Cal.2d 499, 503-505 [55 Cal.Rptr. 401, 421 P.2d 409]; *Fort* v. *Civil Service Commission* (1964) 61 Cal.2d 331, 334, 340 [38 Cal.Rptr. 625, 392 P.2d 385]).

Provisions of the Education Code govern employment of associate superintendents. Section 938 (§ 35031) provided in relevant part: "Any . . . associate . . . superintendent of schools, may be elected for a term of four years. The governing board of any school district, with the consent of the employee concerned, may at any time terminate, effective on the next succeeding first day of July, the term of employment of, and any' contract . . . with . . . any associate . . . superintendent of schools of the

---

[1] Unless otherwise indicated, all references are to the Education Code. The Education Code was renumbered effective 30 April 1977. This opinion retains the former section numbers followed by a parenthetical notation indicating the new numbers.

district, and reelect or reemploy the employee, on such terms and conditions as may be mutually agreed upon by the board and employee, for a new term to commence on the effective date of the termination of the existing term of employment."

Section 13314 (§§ 44893, 87454) provided that a tenured teacher "when advanced from a teaching position to an administrative or supervisory position . . . shall retain his permanent classification *as a classroom teacher.*" (Italics added.) Section 13315 (§§ 44897, 87458) stated: "A person employed in an administrative or supervisory position requiring certification qualifications upon completing a probationary period, including any time served as a classroom teacher, in the same district, shall . . . be classified as and become a permanent employee *as a classroom teacher.*" (Italics added.)

■ Although numerous statutes list grounds for teacher' dismissal, providing hearings for charges of teacher misconduct (see, e.g., *Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818, 822-823 [129 Cal.Rptr. 443, 548 P.2d 1115]), there are no similar statutory provisions governing assistant superintendent misconduct.

In the absence of such provisions sections 13314 (§§ 44893, 87454) and 13315 (§§ 44897, 87458) must be read as establishing that administrative and supervisory personnel do not possess a statutory right to their positions. The statutes vest such persons with rights to the position of classroom teachers, not to administrative positions. (See *Board of Education* v. *Swan* (1953) 41 Cal.2d 546, 555 [261 P.2d 261]; *Holbrook* v. *Board of Education* (1951) 37 Cal.2d 316, 334 [231 P.2d 853]; *Council of Directors and Supervisors* v. *Los Angeles Unified Sch. Dist.* (1973) 35 Cal.App.3d 147, 152 [110 Cal.Rptr. 624]; *Hentschke* v. *Sink* (1973) 34 Cal.App.3d 19, 22 [109 Cal.Rptr. 549].) ■ Petitioner has not sought reinstatement to a classroom teacher position, nor has respondent indicated that petitioner would be refused such position. Petitioner does not contend the contract of employment for an administrative position is specifically enforceable. (See Civ. Code, § 3390, subds. 1, 2; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, § 48, pp. 5270-5271.)

We are satisfied that in absence of a deprivation of a constitutional right, reinstatement to his former position is not an available remedy for a discharged associate superintendent; reinstatement is available only to the position of classroom teacher. Insofar as *Titus* v. *Lawndale School Dist.* (1958) 157 Cal.App.2d 822 [322 P.2d 56], and *Main* v. *Claremont*

*Unified School Dist.* (1958) 161 Cal.App.2d 189 [326 P.2d 573], are contrary, they are disapproved.

■ Petitioner claims a denial of constitutional rights because he was given no notice, no specification of reasons, and no opportunity to respond prior to the termination of his contract. Petitioner asserts he possessed a legitimate expectation of entitlement to continued employment as an administrator, and he therefore was denied his preremoval procedural due process rights. He relies primarily upon this court's decision in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].

In *Skelly* we held that a *permanent civil service* employee is entitled to "notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." (*Id.*, at p. 215.) This holding is predicated on the finding that permanent civil service employees possess a property right in continued employment because they cannot, under statutory law, be disciplined without cause. (*Id.*, at p. 207.)

Quoting at page 206 from *Board of Regents* v. *Roth* (1972) 408 U.S. 564, 576-577 [33 L.Ed.2d 548, 560-561, 92 S.Ct. 2701], we pointed out that property interests may take many forms: " 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims. [¶] Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' " (*Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d at p. 207.)

Petitioner, in his position as an administrator, is not a permanent employee. (*Council of Directors and Supervisors* v. *Los Angeles Unified Sch. Dist., supra,* 35 Cal.App.3d 147, 152.) The Legislature has not given him a property right in the administrative position. Rather, the Legisla-

ture has made clear by sections 13314 (§§ 44893, 87454) and 13315 (§§ 44897, 87458) that petitioner's tenure rights and thus his property rights are those of a classroom teacher and not those of an administrator. Respondent has not denied or repudiated petitioner's classroom teacher property interests, and the procedural rights recognized in *Skelly* are inapplicable.

*Perry* v. *Sindermann* (1972) 408 U.S. 593, 601 [33 L.Ed.2d 570, 579, 92 S.Ct. 2694], is distinguishable. It held that a nontenured teacher employed for four years prior to discharge had a property interest based on "mutually explicit understandings." The case involved the issue whether there was a property interest when no statute provided for one—not the issue whether a statute concededly creating a property interest should be given effect as defining the interest.

Petitioner has not sought damages for breach of contract.

The judgment is affirmed.

Mosk, J., Richardson, J., Wright, J.,* and Sullivan, J.,† concurred.

**TOBRINER, Acting C. J.,** Concurring and Dissenting.—Although I concur in the majority's initial conclusion that plaintiff enjoys no statutory tenure rights to his assistant superintendent position, I cannot agree that defendant board of trustees properly dismissed plaintiff in the middle of his four-year employment contract term without affording him notice of the charges against him or a hearing of any sort. In reaching the conclusion that plaintiff is entitled to none of the procedural due process protections afforded by the numerous recent decisions of both the United States Supreme Court and this court, the majority rely solely on the fact that plaintiff possessed no *statutory* entitlement to his administrative position. The majority overlook, however, the fundamental principle that "property interests" protected by the state and federal due process provisions may arise from the terms of a *contract* as well as from the language of a *statute*.

---

*Retired Chief Justice of California sitting under assignment by the Acting Chairman of the Judicial Council.

†Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

In this case, plaintiff's employment contract clearly provided him with a "legitimate claim of entitlement" to continued employment for the duration of the four-year term of his contract.[1] Thus, while the board of trustees unquestionably retained the authority to terminate the contract on the basis of the charges discussed in the majority opinion, the due process clause of the state and federal Constitutions precluded the board from dismissing plaintiff on the basis of such charges without affording him any notice or opportunity to respond to the charges.

The flaw in the majority's analysis becomes apparent upon just a brief review of the seminal United States Supreme Court decision of *Board of Regents* v. *Roth* (1972) 408 U.S. 564 [33 L.Ed.2d 548, 92 S.Ct. 2701], a decision upon which the majority purport to rely. In *Roth*, the court explained at some length the nature of the "property interests" to which the due process clause applies. "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests—property interests—may take many forms. [¶] . . . [*I*]*n the area of public employment, the Court has held that* a public college professor dismissed from an office held under tenure provisions [citation] and *college professors and staff members dismissed during the terms of their contracts* [citation] *have interests in continued employment that are safeguarded by due process.* Only last year, the Court held that this principle 'proscribing

---

[1] The record expressly reflects that the district entered into a four-year contract with the plaintiff. The contract, as set forth in the record and signed by the chairman of the board of trustees, stated in full: "At the regular meeting of the Board of Trustees of the Jefferson Elementary School District, held on June 21, 1972, it was regularly voted to continue the employment of Roger Barthuli as Associate Superintendent-Business, for a four (4) year term, beginning July 1, 1972 and ending June 30, 1976. The salary of the Associate Superintendent-Business, shall be specified below:

"The annual salary will be $26,336.04 payable at the rate of $2,194.67 per calendar month of service beginning July 1, 1972. [¶] The salary rate for subsequent three years may be determined by Board action annually, prior to July 1; however, the Board reserves the right to increase the Associate Superintendent's salary at any time. It is stipulated that the salary rate for the subsequent three years shall not be less than the salary rate paid during the first year of service under this contract. [¶] It is stipulated that service will be required for twelve months of full and regular service during the period covered by this contract with the exception that the Associate Superintendent shall be entitled to a thirty-day vacation with full pay during each year of service under this contract. [¶] The vacation shall be taken at the end of the current year or in the next subsequent school year. In the event that the Associate Superintendent should be unable to take his just entitlement or vacation time under the provisions of this contract, due to the urgency of school district business, he shall so notify the Board at a legally constituted meeting of same, at which time the Board shall take positive action to continue his entitlement or purchase said entitlement at his daily rate of compensation under the provisions of this contract."

summary dismissal from public employment without a hearing or inquiry required by due process' also applied to a teacher recently hired without tenure or a formal contract, but nonetheless with a clearly implied promise of continued employment. [Citation.]" (Italics added; 408 U.S. at pp. 576-577 [33 L.Ed.2d at pp. 560-561].)

As this passage clearly demonstrates, the existence of a contract providing for an individual's employment for a term of years itself gives rise to a "property interest" protected by the due process clause, without regard to the presence or absence of any complementary statutory tenure provisions. Indeed, in *Roth, all* of the justices agreed that a governmental entity's dismissal of an employee in the middle of an employment contract must be accompanied by notice and some kind of hearing. The controversy that divided the court in *Roth,* and in the companion case of *Perry* v. *Sinderman* (1972) 408 U.S. 593 [33 L.Ed.2d 570, 92 S.Ct. 2694], was simply whether *in the absence of an explicit employment contract for a term of years* an employee had a right to notice and hearing when the employer refused to continue the employment relationship. Inasmuch as *Perry* holds that even in the absence of such an express contract the due process right to notice and hearing may attach if the employer's conduct gives rise to an "implied contract" for continued employment, the present plaintiff's constitutional right to notice and some kind of hearing follows a fortiori.

Indeed, in the wake of *Roth* and *Perry,* a number of federal and state decisions have explicitly held that school administrators *in precisely the same position as plaintiff* are constitutionally entitled to notice and an opportunity to be heard prior to the termination of their employment contracts. (E.g., *Hostrop* v. *Board of Junior College Dist., No. 515 etc., Ill.* (7th Cir. 1972) 471 F.2d 488, 494, cert. den., 411 U.S. 967 [36 L.Ed.2d 688, 93 S.Ct. 2150]; *Peacock* v. *Board of Regents of Univ. & State Col. of Ariz.* (D.Ariz. 1974) 380 F.Supp. 1081, 1086-1087; *McClanahan* v. *Cochise College* (1975) 25 Ariz.App. 13 [540 P.2d 744, 749]; accord *Wertz* v. *Southern Cloud Unified School Dist.* (1975) 218 Kan. 25 [542 P.2d 339, 344-346].)

As the Seventh Circuit stated in *Hostrop*: "A term of employment set by contract has been recognized as a property interest which the state cannot extinguish without conforming to the dictates of procedural due process. [Citations.] The existence of such a contractually established property interest obligates the Board to grant plaintiff a hearing where he can be fully informed of the reasons for his nonretention and challenge

their sufficiency." (471 F.2d at p. 494.) The majority fail to discuss the *Hostrop* decision or any other of these directly applicable precedents.

Plaintiff has been deprived of his constitutional right to an opportunity to be heard by defendant board of trustees, the body that possesses the ultimate discretionary authority over his employment. I therefore believe that the requested writ of mandate should issue, directing the board to reconsider plaintiff's dismissal after affording him an opportunity to respond to the charges against him. (Cf. *Pinsker* v. *Pacific Coast Society of Orthodontists* (1974) 12 Cal.3d 541, 556-557 [116 Cal.Rptr. 245, 526 P.2d 253].)

With all respect, the majority's failure to give effect to the clear mandate of the *Roth* and *Perry* decisions is, in my mind, simply inexplicable.

Appellant's petition for a rehearing was denied August 25, 1977. Bird, C. J., and Tobriner, J., were of the opinion that the petition should be granted.