[No. E001305. Fourth Dist., Div. Two. July 23, 1985.]

EUNICE C. JONES, Plaintiff and Appellant, v.
PALM SPRINGS UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

520

**COUNSEL**

Parker & Covert, Clayton H. Parker, Spencer E. Covert, Jr., and Margaret A. Chidester for Plaintiff and Appellant.

Asa E. Reaves as Amicus Curiae on behalf of Plaintiff and Appellant.

Gary Scherotter for Defendants and Respondents.

OPINION

MORRIS, P. J.—This appeal is from a judgment of dismissal following entry of an order sustaining without leave to amend a general demurrer to a petition for a peremptory writ of mandate, whereby plaintiff, Eunice Jones, sought reinstatement to the position of superintendent of defendant, Palm Springs Unified School District (District).

### The Facts Pleaded

The petition alleged, in pertinent part, the following facts:

By written contract dated January 12, 1983, plaintiff was employed as the superintendent of the District for a term commencing June 1, 1983, and continuing to June 30, 1986.[1]

The contract provided, inter alia, that:

"6. The Superintendent shall be the executive officer of the Board and shall serve as Secretary to the Board. The Superintendent shall perform the duties of her position as prescribed by law. All powers and duties which are lawfully delegated to the Superintendent are to be executed in accordance with the policies adopted by the Board. Such acts as may require ratification by the Board shall be referred to the Board at the earliest possible opportunity by the Superintendent.

"7. This contract is subject to all applicable laws of the State of California and to the lawful rules and regulations of California State Board of Education and the Governing Board of the District. Said laws, rules and regulations are hereby made a part of the terms and conditions of this contract as though herein set forth.

"8. This employment contract may be changed or terminated by mutual consent of the parties hereto in the manner provided for in California Education Code Section 35031. In addition thereto, the parties hereby agree

---

[1]The petition incorporated eight exhibits including the employment contract, District policy sections 2006, 8115 and 8117, and two termination notices.

that the contract may be terminated at any time upon mutual agreement of the parties."

Board of education policy section 8115 provides in pertinent part as follows:

*"Management/Confidential Employee Evaluation*

"The Management/Confidential employees evaluation procedures of the District are intended to identify, reinforce, and improve skills, attitudes and abilities that result in the achievement of District goals and objectives as one means to insure quality control of district programs.

"Management/Confidential employees whose performance is less than satisfactory may be terminated or demoted through the evaluation process."

Administrative rule 8115(a), provides that "The performance of each Management/Confidential employee shall be evaluated, in writing, at least once in each school year."

Board policy section 8117 describes the management team policy as follows:

*"Suspension, Dismissal, Demotion of*
*Management/Confidential Employee*

"It is the desire of the Board that no Management/Confidential employee shall be deprived of his/her position without cause.

"Systematic procedures shall be established for the suspension, dismissal or other change of status of Management employees which entitle Management/Confidential personnel to all the elements of due process."

Administrative rule 8117(a) establishes the procedure for suspension, dismissal and demotion of management/confidential employees.

Plaintiff performed her employment under the written contract until May 23, 1984. On that date, without any prior notice, the District's board president in a closed session of the board instructed plaintiff that she had three options: (1) to take a classroom assignment and work out her contract at the current contract salary ($50,000), (2) resign, or (3) negotiate with the board.

Plaintiff advised the board that she considered her performance effective and would not consider the three options. Three members of the five-mem-

ber board then voted to retain legal counsel to relieve plaintiff of her duties. Following the closed session, a member of the board announced the action to the public and it was reported in "The Desert Sun" newspaper of May 24, 1984.

No evaluation of plaintiff's performance has ever been prepared as required by board policy section 8115 and administrative rule 8115(a).

Although plaintiff sent a written protest to the board members on May 29, 1984, the board adopted the following motion:

"That the Superintendent be relieved of her duties as Superintendent effective immediately and be assigned no new duties until such time as an interim superintendent is employed who will reassign the Superintendent commensurate with her talents."

Plaintiff was served with a written demand that she vacate her office on May 30, 1984.

On May 30, 1984, plaintiff made a written demand that the board comply with requirements of board policy section 8117.

On June 4, 1984, the board took further action ordering plaintiff to remove her personal property from the office by close of business on June 7, 1984, and vacate the premises "until such time as she is reassigned or until a court of competent jurisdiction directs the Board of Education to modify its action or the Board of Education shall find petitioner insubordinate and shall immediately terminate her."

Plaintiff complied under protest and filed her petition for writ of mandate on June 7, 1984, seeking reinstatement to her position as superintendent of the District.

### Discussion

Plaintiff claims that her constitutional rights were violated because she was given no work evaluation, no notice, no statement of reasons, and no opportunity to respond prior to the order relieving her of her duties as District superintendent. She argues that the action of the respondent board to relieve her of her duties without first providing her with the elements of due process have deprived her of a property interest created by statute, her contract and established board policy.

Plaintiff seems to argue in the first instance that she has some undefined constitutional right to "fair and unprejudiced decision making and [] being

treated with respect and dignity." In support of this claimed constitutional right, plaintiff cites *People* v. *Ramirez* (1979) 25 Cal.3d 260 [158 Cal.Rptr. 316, 599 P.2d 622]. Her reliance is misplaced.

In *Ramirez* the Supreme Court considered whether the due process clauses of the California Constitution required that an individual be granted certain procedural protections prior to exclusion from the California Rehabilitation Center. Although the opinion stated that due process may require that certain procedural protections be granted in order to protect "important dignitary values," the statement may not be considered in a vacuum. In *Ramirez* there was no question of the interest being protected. The defendant had been sentenced to state prison (involving a liberty interest) after having been excluded from CRC (involving a statutory interest).

What the court concluded in *Ramirez* was stated quite succinctly: "We therefore hold that the due process safeguards required for protection of an *individual's statutory interests* must be analyzed in the context of the principle that freedom from arbitrary adjudicative procedures is a substantive element of *one's liberty.*" (*People* v. *Ramirez, supra,* 25 Cal.3d at p. 268, italics added.)

Quoting from *Board of Regents* v. *Roth* (1972) 408 U.S. 564, 577 [33 L.Ed.2d 548, 560, 561, 92 S.Ct. 2701], the California Supreme Court has pointed out that " 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims. [¶] Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' " (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 206-207 [124 Cal.Rptr. 14, 539 P.2d 774].)

The issue presented in this appeal is whether the plaintiff's contract together with the applicable statutes and Board policies endowed appellant with a property interest in the position of District superintendent.

■    Plaintiff contends that even apart from statute and district regulations, her contract created a property interest which could not be extin-

guished during the term of the contract without providing her with procedural due process.

In making this argument, plaintiff ignores paragraph 7 of the contract, which specifically provides that the contract is subject to all applicable laws of the State of California and to rules and regulations of the state and District boards.

Plaintiff's employment contract is clearly governed by the Education Code.

Section 35031 provides in relevant part as follows:[2] "Any district superintendent of schools, or deputy, associate, or assistant superintendent of schools, may be elected for a term of four years. The governing board of any school district, with the consent of the employee concerned, may at any time terminate, effective on the next succeeding first day of July, the term of employment of, and any contract of employment with, the superintendent of schools, or any associate, deputy, or assistant superintendent of schools of the district, and reelect or reemploy the employee, on such terms and conditions as may be mutually agreed upon by the board and the employee, for a new term to commence on the effective date of the termination of the existing term of employment."

Section 44893 provides: "A permanent employee when advanced from a teaching position to an administrative or supervisory position, . . . shall retain his permanent classification as a classroom teacher."

In *Barthuli* v. *Board of Trustees* (1977) 19 Cal.3d 717 [139 Cal.Rptr. 627, 566 P.2d 261], the California Supreme Court considered the effect of these sections in a case involving the dismissal of an associate superintendent during the term of his written contract. The board had rescinded his contract and he sought reinstatement claiming that he had been denied his constitutional rights because he had been given no notice, no statement of reasons and no opportunity to respond prior to the termination of his contract.

The Supreme Court recognized that reinstatement is an appropriate remedy where an employee has been discharged in violation of statutory rights, but noted that, although numerous statutes list grounds for teacher dismissal and provide hearings for charges of teacher misconduct, there are no similar

---

[2]All statutory references are to the Education Code except as otherwise stated. Education Code section 35031 was amended by Statutes 1983, chapter 498, section 17.5, page 2043, and Statutes 1983, chapter 1302, section 1.7, page 5213. However, no substantive change was made in the portion above set forth.

statutory provisions governing assistant superintendent misconduct. The court concluded: "In the absence of such provisions sections 13314 (§§ 44893, 87454) and 13315 (§§ 44897, 87458) must be read as establishing that administrative and supervisory personnel do not possess a statutory right to their positions. The statutes vest such persons with rights to the position of classroom teachers, not to administrative positions." (*Id.*, at p. 721.)

The Supreme Court affirmed the trial court judgment which had denied a writ of mandate on the ground that the petitioner possessed an adequate remedy at law for breach of contract.

Because the statutory provisions are substantially the same for superintendents and associate superintendents, *Barthuli* compels us to hold that plaintiff possessed no statutory entitlement to her administrative position as District superintendent. Moreover, it is clear that *Barthuli* found that a contract pursuant to section 35031 did not give rise to a claim of entitlement protected by due process. (See *id.*, at p. 723, dis. opn. of Tobriner, J.)

■ Plaintiff further argues that she was entitled to procedural due process prior to termination by reason of certain board policies which were made a part of her contract and which she claims provide that no management employee shall be deprived of her position without cause. No such rules and regulations were involved in *Barthuli.*

The board policies and rules and regulations upon which plaintiff relies are set forth above. They are (1) the provision for written evaluation (board policy § 8115); (2) the provision that no management employee shall be deprived of her position except for cause (board policy § 8117); and (3) the regulation governing suspensions, dismissals and demotions of management employees (admin. rule 8117(a)).

Board policy section 8115 provides for termination or demotion of management employees through the evaluation process, and administrative rule 8115(a) requires a written evaluation at least once each school year and describes in great detail the guidelines for the evaluation.

Administrative rule 8117(b) further provides that any management employee who is performing unsatisfactorily shall be informed and counseled no later than December 15th of each year. It also provides:

"4. Any employee who is to be suspended or dismissed may request and shall then be provided in writing the reasons for such action. *If an employee is to be demoted to the classroom* and the reasons include incompetency an

evaluation of the employee pursuant to Education Code 44660 et seq. shall have been completed not more than sixty (60) days prior to the giving notice. (Education Code 44896.)

"5. Upon receipt of notice the employee may request and shall be granted a conference with the Superintendent prior to final action by the Board.

"6. All dismissals or demotions must be approved by the Board no later than May 15th of each year for action effective with the close of the current school year." (Italics added.)

Board policy section 8117 provides in essence that a management employee shall not be deprived of his/her position without cause, and administrative rule 8117(a) lists the causes.

The policies and regulations relating to the evaluation process were adopted pursuant to Education Code sections 33039 (state guidelines for teacher evaluation procedures), 35171 (availability of rules and regulations for evaluation of performance), and 44660-44665 (evaluation and assessment of performance of certificated employees, popularly known as the Stull Act).

■ The Stull Act requires the governing board of each school district to establish and define job responsibilities for certificated noninstructional personnel, including supervisory and administrative personnel. Section 35171 requires the governing board to make those rules and regulations available to each certificated employee of the district.

As defendant correctly points out, the Stull Act evaluation itself does not create a statutory precondition to termination, i.e., nonrenewal of a principal's administrative assignment. (*Grant* v. *Adams* (1977) 69 Cal.App.3d 127 [137 Cal.Rptr. 834]; see also *Anaclerio* v. *Skinner* (1976) 64 Cal.App.3d 194 [134 Cal.Rptr. 303].) Both of these cases involved the failure to renew the administrative assignment for another school year. The court held in each case that the principal served at the pleasure of the appointing authority and that the evaluation provisions of the Stull Act do not create a condition precedent to such reassignment from an administrative to a teaching position. The *Anaclerio* court did state that there was a statutory right to the evaluation statement required by the Stull Act, which is enforceable by writ of mandate. (*Id.*, at p. 197.)

■ Unlike the principals involved in those cases, the plaintiff has a four-year contract which incorporated and expanded the evaluation provisions. Once the board expanded its regulations to require the evaluation prior to demotion and specify the grounds for demotion, and made those

regulations a part of plaintiff's contract, she acquired a "legitimate claim of entitlement" to the benefits of that contract, including the rights established by the board rules and regulations.

■ As the United States Supreme Court stated in *Board of Regents* v. *Roth, supra,* 408 U.S. at page 577 [33 L.Ed.2d at pages 560-561], as quoted by the California Supreme Court in *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d at page 207, and again in *Barthuli* v. *Board of Trustees, supra,* 19 Cal.3d at page 722: " '*It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.* It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims. [¶] Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— *rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.*' " (Italics added.)

■ Defendant appears to argue that the board policies and rules 8115 and 8117 are in conflict with state law and are therefore preempted by state law. In support of its argument respondent cites *Whisman* v. *San Francisco Unified Sch. Dist.* (1978) 86 Cal.App.3d 782 [150 Cal.Rptr. 548].)

*Whisman* is inapposite. *Whisman* involved a city charter provision which provided for the classification of school supervisors as permanent employees in the position of supervisors. This was in direct conflict with section 44850.1 (which provides that "on and after July 1, 1978, the certificated employees of any school district . . . in an administrative or supervisory position shall neither acquire nor retain permanent status in such position . . . .") and section 44894, subdivision (b) (which provides that "If an employee is authorized to render service in more than one type of position for which certification qualifications are required . . . he shall . . . acquire permanent status as follows: (1) If he is authorized to render service as a classroom teacher, he shall acquire permanent status as a classroom teacher"). (See also *LaBelle* v. *San Francisco Unified School Dist.* (1983) 140 Cal.App.3d 292 [189 Cal.Rptr. 530].)

Plaintiff does not claim any permanent status in her administrative position. To the contrary, she claims only the right to remain in that position during the term of her written contract unless removed pursuant to the procedure established by the board's rules and regulations.

The board has specific statutory authority to enter into such contracts. (§ 35031.)

Although section 35031 specifically limits the term of the contract to four years, authorizes termination by mutual consent, and provides a requirement for written notice if the employee is not to be reelected upon expiration of the term, the remaining terms and conditions of the employment contract are left to the school board.

Moreover, the school board is mandated to provide rules and regulations for performance evaluation of all certificated employees. (§§ 44660-44665.)

There is nothing in the Education Code that conflicts with board rules and regulations granting a contract employee the right to notice, a statement of reasons and a right to respond in connection with any removal from the position during the term of the contract.

We conclude that school districts have the authority to grant predemotion rights to administrative employees during the term of their contracts, and that the allegations of plaintiff's complaint sufficiently allege that the District has granted such rights in this case. We further conclude that the complaint sufficiently alleges a violation of those rights to state a cause of action in mandamus.

The judgment sustaining the demurrer without leave to amend is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

Plaintiff-appellant shall have her costs on appeal.

Kaufman, J., and Rickles, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 3, 1985. Mosk, J., was of the opinion that the petition should be granted.