[No. B076838. Second Dist., Div. Seven. May 15, 1995.]

ALTHEA L. JENKINS, Plaintiff and Appellant, v.
INGLEWOOD UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

**COUNSEL**

Lewis W. Boies, Jr., and Michael G. Homeier for Plaintiff and Appellant.

Liebman, Reiner, Nachison & Walsh, Dennis J. Walsh and Kenneth A. Jew for Defendants and Respondents.

## OPINION

**WOODS, (Fred), J.**—We hold that a contract termination notice from a school superintendent to a school assistant superintendent is invalid under Education Code[1] section 35031 if, prior to the notice, the governing board of the school district has not determined to terminate the assistant superintendent's contract and has not authorized the termination notice. Accordingly, we reverse the judgment for respondents, remand the matter to the superior court, and direct the superior court to enter an order overruling respondents' demurrer to plaintiff-appellant's breach of contract cause of action, but sustaining without leave to amend the demurrer to the other causes of action.

### FACTUAL AND PROCEDURAL BACKGROUND

Although appellant filed a complaint,[2] which with exhibits and attachments, runs 188 pages,[3] the essential "facts," admitted by respondents' demurrer (*Perdue* v. *Crocker National Bank* (1985) 38 Cal.3d 913, 922 [216 Cal.Rptr. 345, 702 P.2d 503]), may be stated simply.[4]

In July 1989, appellant and the Inglewood Unified School District Board of Education (Board) signed an employment contract. By its terms, appellant was hired for two years, July 6, 1989, to June 30, 1991, as assistant superintendent of personnel services at an annual salary of $71,268.

On January 23, 1991, the Board directed the superintendent and appellant to send "March warning notices" to all non-contracted certificated managers, pursuant to Education Code section 44951.[5] Such notices, the Board directed, were *not* to be sent to the superintendent and appellant.

---

[1]Statutory references, unless otherwise noted, are to the Education Code.

[2]An almost identical first amended complaint was later filed.

[3]There are only 187 clerk transcript pages because the clerk omitted numbering page 44 of the complaint.

[4]We include certain matters set forth in the complaint but omitted from the first amended complaint. (See *Kenworthy* v. *Brown* (1967) 248 Cal.App.2d 298, 302 [56 Cal.Rptr. 461].) We defer to the "Discussion" portion of this opinion a description of appellant's other causes of action.

[5]The section provides: "Unless a certificated employee holding a position requiring an administrative or supervisory credential is sent written notice deposited in the United States registered mail with postage prepaid and addressed to his or her last known address by March 15 that he or she may be released from his or her position for the following school year or unless the signature of the employee is obtained by March 15 on the written notice that he or

On January 30, 1991, the Board president requested that copies of the superintendent's and appellant 's employment contracts and other information be sent to the Board's legal counsel "so that a contract of agreement" could be drawn for each of them.

In early February 1991 Board member Aubry told appellant the Board had not discussed appellant's contract.

On May 6, 1991, appellant and the superintendent "discussed the 45-day notice requirement contained in Education Code section 35031 and its applicability to [them] . . . and [the superintendent said] they were both 'going to be all right' . . . ."

On May 8, 1991, Board member Aubry again told appellant the Board had not discussed appellant's contract.

On May 13, 1991, the superintendent served appellant with a letter from him. It stated: "As you are aware, Article I of your Employment Agreement with the District states that the Agreement will expire on June 30, 1991. In accordance with that provision, this is to provide you with the appropriate written notice under Education Code section 35031 that all the terms and conditions of your employment established by the Employment Agreement will expire on June 30, 1991. If the governing board chooses to re-employ you in the same position, the terms and conditions of your employment will be established in a separate and new Employment Agreement."

On May 21, 1991, appellant asked Board member Aubry if the Board had taken any action regarding her employment contract and Mr. Aubry said the Board had not discussed the matter.

In a May 21, 1991, memorandum to the superintendent, appellant requested the date when the Board decided to serve her with a contract termination notice. Appellant also stated her understanding no such Board action had been taken.

On May 29, 1991, appellant conveyed to the superintendent her request to appear before the Board in order "to clarify [her] status."

she may be released from his or her position for the following year, he or she shall be continued in the position. The provisions of this section do not apply to a certificated employee who holds a written contract with an expiration date beyond the current school year, or to a certificated employee holding a position that is funded for less than a school year, or to a certificated employee assigned to an acting position whose continuing right to hold this position depends on being selected from an eligible list established for the position, or to the termination of employment pursuant to Section 44955. A school principal shall be notified by March 1 if the governing board determines on an individual basis that he or she may be released for the following school year."

By a June 20, 1991, memorandum the superintendent informed appellant the Board had denied her appearance request.

On June 26, 1991, appellant received a memorandum from the superintendent which stated: "At the June 19, 1991, Meeting of the Board, it was the UNANIMOUS decision of the Board in Executive Session to ratify the action of the Superintendent which authorized the service of an Education Code 35031 notice to you on May 13, 1991."

Thereafter, the Board offered appellant a one-year contract which she rejected. On August 5, 1991, appellant "was summarily expelled from her workplace and prevented from returning."

On August 24, 1992, appellant filed a complaint against the Board, individual Board members, the superintendent, and her replacement assistant superintendent. She alleged causes of action for breach of contract, interference with contract, sex discrimination, and intentional infliction of emotional distress. Respondents demurred and again demurred to appellant's first amended complaint. On April 23, 1993, Superior Court Judge Alexander H. Williams III sustained the demurrer without leave to amend as to all four causes of action. On May 10, 1993, the court signed a dismissal order and entered judgment for respondents. This appeal followed.

DISCUSSION

1. *Breach of contract cause of action.*

Section 35031[6] provides, in pertinent part: "Any . . . assistant superintendent of schools [] may be elected for a term of no more than four years. . . .

---

[6]The section reads: "Any district superintendent of schools, or deputy, associate, or assistant superintendent of schools, may be elected for a term of no more than four years. The governing board of any school district, with the consent of the employee concerned, may at any time terminate, effective on the next succeeding first day of July, the term of employment of, and any contract of employment with, the superintendent of schools, or any associate, deputy, or assistant superintendent of schools of the district, and reelect or reemploy the employee, on those terms and conditions as may be mutually agreed upon by the board and the employee, for a new term to commence on the effective date of the termination of the existing term of employment. In the event the governing board of a school district determines the superintendent of schools of the district, or deputy, associate, or assistant superintendent of schools, or employee in the senior management of the classified service is not to be reelected or reemployed as such upon the expiration of his or her term, he or she shall be given written notice thereof by the governing board at least 45 days in advance of the expiration of his or her term. In the event the governing board of a district fails to reelect or reemploy the superintendent of schools of the district, or deputy, associate, or assistant superintendent of schools, or employee in the senior management of the classified service as such and the written notice herein provided for has not been given, he or she shall be deemed

In the event *the governing board* of a school district determines the . . . assistant superintendent of schools . . . is not to be reelected or reemployed as such upon the expiration of . . . her term, . . . she shall be given written notice thereof *by the governing board* at least 45 days in advance of the expiration of . . . her term. In the event *the governing board* of a district fails to reelect or reemploy the . . . assistant superintendent of schools . . . , and the written notice herein provided for has not been given, . . . she shall be deemed reelected for a term of the same length as the one completed, and under the same terms and conditions and with the same compensation. . . ." (Italics added.)

■ Appellant alleged her two-year employment contract (July 6, 1989, to June 3, 1991) was " 'deemed reelected' for a second two-year term" because she was not given termination notice as required by section 35031. Appellant further alleged that respondents breached the second two-year contract by expelling her from her workplace.

Respondents argue that appellant failed to state a breach of contract cause of action because she "admits to receiving timely notice of the District's intent not to renew her employment [contract]." Respondents are mistaken.

Respondents evade the determinative issue and instead refute strawmen nonissues.

Respondents assert the February 27, 1991, and May 13, 1991, communications were both timely. But timeliness was not in issue.

Respondents contend that although the May 13, 1991, notice "did not specifically reference BOARD action *in the notice*" that omission did not make the notice defective. Appellant does not claim otherwise. The omitted *reference* to Board action was a nonissue.

Respondents refer to certain powers of a superintendent, citing sections 35035 and 35161, but do not claim that a superintendent, *without prior Board authorization*, is empowered to give contract termination notice to an assistant superintendent under section 35031. Instead, respondents argue as follows: the superintendent's June 26, 1991, memorandum informing appellant the Board had, on June 19, 1991, *ratified* the May 13, 1991, contract termination notice "confirm[ed]" that the superintendent had acted "pursuant to Board authority or, at a minimum, exercis[ed] authority delegated to him by the BOARD."

---

reelected for a term of the same length as the one completed, and under the same terms and conditions and with the same compensation. [¶] The notice requirements of Section 44951 shall not apply to persons to whom this section applies."

Contrary to respondents' argument, *if* on May 13, 1991, the superintendent had acted pursuant to Board authority, June 19th ratification would have been unnecessary.

The issue, which respondents evade, is whether, prior to May 15, 1991, the *Board* determined not to renew appellant's contract and whether the *Board* authorized the May 13th contract termination notice.

Appellant, both in her complaint and first amended complaint, plainly alleged the Board "took no action to terminate [her contract] . . . at any time prior to June 19, 1991." By their demurrer, respondents admitted the truth of this allegation.

Thus, the May 13, 1991, letter to appellant from the superintendent failed to satisfy the notice requirements of section 35031 because the Board had made no determination concerning appellant's contract and had not authorized a contract termination notice. This notice had no more legal effect than a notice from an individual Board member, secretary, or stranger.

This failure to satisfy the notice requirements of section 35031 is not a mere technicality. The failure entirely thwarted the purpose of the statute: "to afford an administrator proper notice of a possible change in duties and assignment in sufficient time to seek other satisfactory employment as an administrator." (*Ellerbroek* v. *Saddleback Valley Unified School Dist.* (1981) 125 Cal.App.3d 348, 367 [177 Cal.Rptr. 910].)

The May 13, 1991, letter failed to inform appellant her job would end June 30, 1991, and she had better start looking for a new one. Appellant knew that unless the *Board*, as a body, had determined her status and authorized the letter, the letter was a nullity. Appellant also knew that unless she was given proper contract termination notice on or before May 15, 1991, then, pursuant to section 35031, her contract would automatically be renewed for two years. So, instead of clarifying appellant's employment status and enabling her to seek other employment, the May 13, 1991, letter confused appellant's employment status and delayed her from seeking employment.

We hold that a contract termination notice to a school assistant superintendent is invalid under section 35031 if, prior to the notice, the governing board of the school district has not determined to terminate the assistant superintendent's contract or to authorize a contract termination notice.

Accordingly, appellant stated a cause of action for breach of contract and the lower court erred in sustaining a demurrer to that cause of action.[7]

### 2. *Other causes of action.*

#### a. *Interference with contract.*

■ The trial court properly sustained without leave to amend respondents' demurrer to appellant's interference with contract cause of action. Since the named defendants were agents or employees of the contracting party they cannot be held liable for contract interference. (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 24-25 [276 Cal.Rptr. 303, 801 P.2d 1054, 20 A.L.R.5th 1016].)

#### b. *Intentional infliction of emotional distress.*

The trial court properly sustained without leave to amend respondents' demurrer to appellant's intentional infliction of emotional distress cause of action. (*Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743]; see also *Fermino* v. *Fedco, Inc.* (1994) 7 Cal.4th 701, 712-713 [30 Cal.Rptr.2d 18, 872 P.2d 559].)

#### c. *Sex discrimination.*

■ Appellant alleged that almost a year after her termination, on May 13, 1992, the Board voted to fill her position with a male at a salary higher than she had been paid. The male was not hired, the Board reclassified the position, and it was filled by a female.

We conclude the trial court correctly found appellant had not "allege[d] facts demonstrating disparate treatment based on plaintiff's sex." (See *Mixon* v. *Fair Employment & Housing Com.* (1987) 192 Cal.App.3d 1306, 1317 [237 Cal.Rptr. 884].) The demurrer to appellant's sex discrimination cause of action was properly sustained without leave to amend.

### DISPOSITION

The judgment is reversed. The matter is remanded to the superior court with directions to vacate its order sustaining without leave to amend respondents' demurrer to all four of appellant's causes of action and to enter a new

---

[7]Respondents also argue, as they did below, the breach of contract cause of action is barred by appellant's failure to seek a writ of mandate. The superior court properly rejected this argument. *Barthuli* v. *Board of Trustees* (1977) 19 Cal.3d 717 [139 Cal.Rptr. 627, 566 P.2d 261] plainly holds an assistant superintendent *cannot* obtain specific performance of her employment contract and therefore a writ of mandate is unavailable to her.

order which overrules the demurrer as to appellant's breach of contract cause of action but sustains without leave to amend the demurrer as to the other three causes of action.

The parties are to bear their own costs on appeal.

Lillie, P. J., and Johnson, J., concurred.