130 Cal.App.3d 677 (1982)
181 Cal. Rptr. 868
FRANCES V. WILLIAMS, Plaintiff and Appellant,
v.
DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Defendants and Respondents.
Docket No. 63125.
Court of Appeals of California, Second District, Division One.
April 14, 1982.
*678 COUNSEL
John T. MacMillan for Plaintiff and Appellant.
Ira Reiner, City Attorney, Edward C. Farrell, Chief Assistant City Attorney, Ned E. Flusty, Assistant City Attorney, and Gilbert W. Lee, Deputy City Attorney, for Defendants and Respondents.
*679 OPINION
LILLIE, Acting P.J.
Frances V. Williams appeals from judgment denying her petition for writ of mandate to compel respondents to reinstate her to the position of relief commercial service representative with respondent Los Angeles City Department of Water and Power (DWP) or grant her a hearing on her termination therefrom. The appellate issue is whether, as a temporary part-time noncivil service employee who holds her job at the pleasure of her employer, petitioner has a right to the pretermination procedures outlined in Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194 [124 Cal. Rptr. 14, 539 P.2d 774]. We conclude that she does not.
The record before the trial court consisted of petition and exhibits attached thereto, and answer and declaration filed by respondents. It reflects the following: In 1967 petitioner was employed by DWP as a relief commercial service representative, a position of less than half time exempt from the civil service provisions of the city charter; she worked for 13 years as a part-time nonpermanent employee serving at the pleasure of the DWP; she did not have the right to complete a probationary period, accumulate civil service seniority or appeal a suspension or discharge; she worked not to exceed 19 hours a week (7 hours each Monday and 4 hours daily for 3 other days) and her duties were to relieve regular employees in the same classification (commercial service representative) during peak load periods; dependable attendance was a very critical factor for this job because these relief employees are only required when the work load is at its maximum.
Petitioner's attendance record was far from satisfactory in the following particulars: In 1977 she was absent from the job 11.3 percent of the time; in 1978, 9.8 percent of the time and in 1979, 10.4 percent. During the first three months of 1980 from January through March, petitioner was absent 25.7 percent of the time. On February 28, 1980, she was counseled regarding the division absenteeism control program and informed that continued poor attendance could result in disciplinary action including discharge. In the three months following she was absent from duty 30.4 percent of the time. On June 12, 1980, she was advised that DWP intended to terminate her employment as a result of excessive absenteeism. Following discussion she refused to sign that notice of the department's intent, and left the office. Her employment was terminated effective at the close of her workday on June 12.
*680 Among other facts the trial court found that DWP is established by and exists under the Charter of the City of Los Angeles; and concluded that petitioner did not have the right to preremoval safeguards before being terminated from her employment, and she was not subject to discharge only for cause and therefore had no property interest in her employment. Accordingly, judgment was entered denying relief.
Conceding she was not a civil service employee, appellant seeks to bring herself within the ambit of Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194 [124 Cal. Rptr. 14, 539 P.2d 774] by claiming a "proprietary interest in her employment" by virtue of the length of her employment and "other rights" afforded her, none of which has evidentiary support. At most, several were mentioned by her counsel but only in oral argument to the trial court; none was in the record before it. The answer denied most of the factual allegations of the petition, and the declaration of an employee of DWP responsible for petitioner's personnel records provided most of the evidence. However, whether or not she was a "regular employee employed on a continuous basis" as claimed by appellant, is not the issue but rather, whether or not she was entitled to discharge only for cause and had a property interest in the continuation of her employment subject to due process of law.
(1) It is well settled that the terms and conditions of public employment including term of service, are fixed by the statute, rules or regulations creating it, not by contract (even if one is involved) as in private employment. (Miller v. State of California (1977) 18 Cal.3d 808, 814-815 [135 Cal. Rptr. 386, 557 P.2d 970]; Boren v. State Personnel Board (1951), 37 Cal.2d 634, 641 [234 P.2d 981]; Markman v. County of Los Angeles (1973) 35 Cal. App.3d 132, 134 [110 Cal. Rptr. 610].) In all cases dealing with termination of public employment the court examines the statutory scheme creating and regulating the same. (See Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194, 206 [124 Cal. Rptr. 14, 539 P.2d 774].) The DWP was established by and exists under the Charter of the City of Los Angeles. The terms and conditions of employment with the department and employment rights are fixed by the provisions of the City Charter and the Civil Service Rules of the City of Los Angeles which created and limited appellant's position. Her position of less than half time limited her work to a maximum of 19 hours a week. "... Positions of less than half time are considered to be intermittent positions." (§ 1.25(c), Civil Service Rules, City of Los Angeles.) One appointed from an eligible list to "an intermittent position cannot complete a probationary period, accumulate seniority (for civil *681 service purposes), or appeal a suspension or discharge." (§ 5.19, Civil Service Rules, City of Los Angeles.) Similarly, section 110 of the Charter of the City of Los Angeles provides that the board of civil service commissioners shall by its rules provide for: "(d) the tenure of persons appointed from a register of eligibles to positions determined by the board to be temporary or intermittent in character; any rules adopted pursuant to this subdivision shall provide that when appointment is made to a position determined to be temporary or intermittent the provisions of Sec. 109 with respect to period of probation and completion of appointment shall not be applicable." Section 112, subdivision (a)[1] of the charter limits the right of removal only for cause to permanent civil service employees. (2) Thus appellant's employment as a relief commercial service representative, created and limited by the provisions of the city charter and the civil service rules of the city, was an intermittent nonpermanent noncivil service position held by her at the pleasure of her employer, DWP; she was not entitled to removal only for cause. A public employee serving at the pleasure of the appointing authority is by the terms of his employment subject to removal without judicially recognized good cause. (Bogacki v. Board of Supervisors (1971) 5 Cal.3d 771, 783 [97 Cal. Rptr. 657, 489 P.2d 537].)
To establish a property interest in continued employment which is protected by due process, appellant relies on Williams v. County of Los Angeles (1978) 22 Cal.3d 731 [150 Cal. Rptr. 475, 586 P.2d 956], Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194 [124 Cal. Rptr. 14, 539 P.2d 774], and Mendoza v. Regents of University of California (1978) 78 Cal. App.3d 168 [144 Cal. Rptr. 117]. The holding in Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194 [124 Cal. Rptr. 14, 539 P.2d 774] "that a permanent civil service employee is entitled to `notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline.' (Id., at p. 215.) ... is predicated on the finding that permanent civil service employees possess a property right in continued employment because they cannot, under statutory law, be disciplined without cause. (Id., at p. 207.)" (Barthuli v. Board of Trustees (1977) 19 Cal.3d 717, 722 [139 Cal. Rptr. 627, 566 P.2d 261], original italics.) Said the Skelly court, "... the California statutory scheme regulating civil service *682 employment confers upon an individual who achieves the status of `permanent employee' a property interest in the continuation of his employment which is protected by due process." (P. 206.) In Mendoza v. Regents of University of California (1978) 78 Cal. App.3d 168 [144 Cal. Rptr. 117], the court articulated the widely recognized rule "that if the employee is subject to discharge only for cause, he has a property interest which is entitled to constitutional protection (Arnett v. Kennedy, supra, 416 U.S. 134)." (P. 175.) Nor was appellant's position similar to that in Williams v. County of Los Angeles (1978) 22 Cal.3d 731 [150 Cal. Rptr. 475, 586 P.2d 956]. At the outset the Supreme Court declared, "This case does not involve `employment ... at the pleasure of the appointing authority.' (Bogacki v. Board of Supervisors (1971) 5 Cal.3d 771, 782-783....)" (P. 736); in the instant case appellant held her relief position at the pleasure of DWP. The appellant in Williams was a civil service employee (p. 733) while appellant herein was not. Finally, Williams held a "recurrent position" and under the county's civil service rules no person may be employed temporarily in a permanent or recurrent position (p. 734, fn. 2); appellant was only a temporary employee.
"Indeed, as the cases point out, property interests which are subject to procedural safeguards are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and which support claims of entitlement to those benefits (Board of Regents v. Roth, supra, 408 U.S. 564, 577 [33 L.Ed.2d 548, 560-561]; Skelly v. State Personnel Bd., supra, 15 Cal.3d 194, 207; Healdsburg Police Officers Assn. v. City of Healdsburg (1976) 57 Cal. App.3d 444, 452 [129 Cal. Rptr. 216])." Mendoza v. Regents of University of California (1978) 78 Cal. App.3d 168, 174 [144 Cal. Rptr. 117].) When examined in light of the foregoing principles, the provisions of the city charter and the civil service rules support only one conclusion  that appellant, as a part-time temporary noncivil service employee not entitled to removal only for cause, was not intended to and in fact did not acquire a property interest in her continued employment and as a consequence was not protected by the pretermination safeguards of Skelly.
Appellant cites the length of her relief employment to demonstrate a permanent status which, she argues, entitles her to a proprietary interest in her employment. But in light of the city charter provisions and civil service rules her position cannot be equated with a permanent civil *683 service position subject to discharge only for cause merely because she held the job for 13 years on a part-time basis. (See Barthuli v. Board of Trustees (1977) 19 Cal.3d 717 [139 Cal. Rptr. 627, 566 P.2d 261].) Interpreting sections of the Education Code, the Supreme Court in Barthuli held that the long-term (eight years) contractual employment held by an associate superintendent in an elementary school district was not permanent employment, and that the Legislature had not given him a property right in that administrative position, thus the procedural rights of Skelly did not apply. (Pp. 722-723.) Clearly the long-term employment in Barthuli was not sufficient to create the reasonable reliance prerequisite to the development of a property right in continued employment; the property interest must be created by law. (Mendoza v. Regents of University of California (1978) 78 Cal. App.3d 168, 174 [144 Cal. Rptr. 117].) The "reasonable expectation" that she would remain in her job and be removed only for cause asserted by appellant at best is unilateral and hardly a reasonable one, because public employment is accepted subject to the statutory provisions regulating it, and appellant knew or should have known of her job limitations expressly set forth in the city charter and in the civil service rules. (Boren v. State Personnel Board (1951) 37 Cal.2d 634, 639 [234 P.2d 981].) The court in Globe v. County of Los Angeles (1958) 163 Cal. App.2d 595 [329 P.2d 971], holding that a temporary county employee has no vested right to county employment and was subject to summary discharge, made a comment particularly applicable here: "In demanding a hearing regardless of his employment status, petitioner is in effect asking the court to equalize the rights of all civil service employees whether they be temporary, probationary or permanent. To do so would lose sight of the entire philosophy of civil service in government and destroy the distinction between the various classifications." (P. 601.)
Finally, appellant resorts to the fairness doctrine to argue she was deprived of procedural due process in the department's refusal to grant her a termination hearing. She bases this on asserted instances of "inconsistent and unequal treatment" in her classification wholly without evidentiary support. Cleary v. American Airlines, Inc. (1980) 111 Cal. App.3d 443 [168 Cal. Rptr. 722] and Tameny v. Atlantic Richfield Co. (1980) 27 Cal.3d 167 [164 Cal. Rptr. 839, 610 P.2d 1330] relied on by appellant do not involve public employment but employment in the private sector; and Pinsker v. Pacific Coast Society of Orthodontists (1974) 12 Cal.3d 541 [116 Cal. Rptr. 245, 526 P.2d 253] and Aschermann v. Saint Francis Memorial Hosp. (1975) 45 Cal. App.3d 507 [119 Cal. Rptr. 507] dealt with the right of a professional to practice his profession, *684 and membership decisions in a hospital staff association. Although in Clearly the longevity of the employee's service (18 years) together with other factors operated as an estoppel precluding discharge without good cause (pp. 455-456), Cleary's employment was private. In Barthuli v. Board of Trustees (1977) 19 Cal.3d 717 [139 Cal. Rptr. 627, 566 P.2d 261], the court did not find the longevity of Barthuli's public service employment to create any property interest in continued public employment, and held that such interest can be created only by statute. In Heath v. Redbud Hospital Dist. (9th Cir.1980) 620 F.2d 207, the court rejected application of the common law right of "fair procedure" to a public employment situation. (Pp. 210-211.)
In her reply brief appellant, relying on Lubey v. City and County of San Francisco (1979) 98 Cal. App.3d 340 [159 Cal. Rptr. 440], argues that respondent's termination of her employment infringes her constitutionally protected interest in liberty in that it "stigmatized and harmed" her. The issue is raised for the first time on appeal; no mention of it was made in the trial court nor was it raised by the pleadings. (Bell v. Duffy (1980) 111 Cal. App.3d 643, 651 [168 Cal. Rptr. 753].) Further, on this record there is no evidentiary support for her contention that the charge of respondent "stigmatized and harmed" her. She ridicules the content of a September 4, 1980, letter (exhibit D to her petition) to her counsel from the secretary to the board of civil service commissioners indicating that city employment is still available to her and, based on pure speculation, asserts there "will most certainly be" a restricted opportunity for employment in the private sector because of her discharge.
The mere fact of discharge from public employment does not deprive one of a liberty interest. (Beller v. Middendorf (9th Cir.1980) 632 F.2d 788, 806; Gray v. Union County Intermediate Education District (9th Cir.1975) 520 F.2d 803, 806.) Appellant must show her dismissal was based on charges of misconduct which "stigmatize" her reputation or "seriously impair" her opportunity to earn a living. (See Codd v. Velger (1977) 429 U.S. 624, 628 [51 L.Ed.2d 92, 97, 97 S.Ct. 882].) Although Lubey v. City and County of San Francisco (1979) 98 Cal. App.3d 340 [159 Cal. Rptr. 440], articulates the exception to the rule on which appellant relies (p. 346), it is of no assistance to her. The misconduct in Lubey involved moral turpitude of police officers and further, the civil service commission advised they were entitled to no future city and county employment (p. 344). Here the termination was for excessive absenteeism, not conduct involving moral turpitude, and the civil service commission advised appellant that she will not be disqualified *685 automatically and can be considered for city employment. "Nearly any reason assigned for dismissal is likely to be to some extent a negative reflection on an individual's ability, temperament, or character. (Jenkins v. U.S. Post Office, 475 F.2d 1256, 1257 (9th Cir.1973). But not every dismissal assumes a constitutional magnitude." (Gray v. Union County Intermediate Education District (9th Cir.1975) 520 F.2d 803, 806.)
The leading case of Board of Regents v. Roth (1972) 408 U.S. 564, 574 [33 L.Ed.2d 548, 559, 92 S.Ct. 2701] distinguishes between a stigma of moral turpitude, which infringes the liberty interest, and other charges such as incompetence or inability to get along with coworkers which does not. The Supreme Court recognized that where "a person's good name, reputation, honor or integrity is at stake" his right to liberty under the Fourteenth Amendment is implicated and deserves constitutional protection. (408 U.S. at p. 574 [33 L.Ed.2d at p. 559].) "In the context of Roth-type cases, a charge which infringes one's liberty can be characterized as an accusation or label given the individual by his employer which belittles his worth and dignity as an individual and, as a consequence is likely to have severe repercussions outside of professional life. Liberty is not infringed by a label of incompetence, the repercussions of which primarily affect professional life, and which may well force the individual down one or more notches in the professional hierarchy." (Stretten v. Wadsworth Veterans Hospital (9th Cir.1976) 537 F.2d 361, 366; italics added; fn. omitted.)
Relying on section 800, Government Code, appellant asks for attorney's fees. She is not entitled to such fees under section 800, inasmuch as it applies only to cases involving appeals from a finding or award or other determination of an administrative proceeding. (Wilkerson v. City of Placentia (1981) 118 Cal. App.3d 435, 444 [173 Cal. Rptr. 294].) The instant case is an appeal from a judgment of the superior court denying appellant's petition for writ of mandate. Section 800 does not apply.
The judgment is affirmed.
Hanson (Thaxton), J., and Dalsimer, J., concurred.
NOTES
[1] "Any board or officer having the power of appointment of officers, members and employees in any department of the government of the city shall have the power to remove, discharge or suspend any officer, member or employee of such department; but no person in the classified civil service of the city, other than an unskilled laborer employed by the day, shall be removed, discharged or suspended except for cause...."