Filed 7/24/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANK ESTRADA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B242202<br><br>(Los Angeles County<br>Super. Ct. No. BC415094) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Charles F. Palmer, Judge.  Affirmed.

    Konell Ruggiero & Konell, Cheryl Konell Ruggiero for Plaintiff and Appellant.

    Carmen A. Trutanich, City Attorney, Paul L. Winnemore, Deputy City Attorney, for Defendant and Respondent.

———————————————

Plaintiff and appellant Frank Estrada (Estrada) appeals a judgment following a court trial in an action against the City of Los Angeles (the City) for disability discrimination under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

The essential issue presented is whether the trial court properly held that Estrada, formerly a volunteer Police Reserve Officer for the City, was not an employee for purposes of the FEHA.

Although Police Reserve Officers are volunteers who serve gratuitously, the City deems these individuals to be "employees" for the limited purpose of extending them workers' compensation benefits. Such benefits are not remuneration; rather, they help to make the volunteers whole, in the event they are injured while performing their duties. The City's policy decision to extend workers' compensation benefits to these individuals, who voluntarily put themselves in harm's way on behalf of the community, does not transform the volunteers' status to that of "employee" for purposes of FEHA. Accordingly, the trial court properly concluded Estrada was not an employee and therefore could not maintain a cause of action against the City for disability discrimination. The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*.

In 1990, Estrada became a reserve officer for the Los Angeles Police Department (LAPD or Department).

The Los Angeles Administrative Code (L.A. Admin. Code) provides that members of the Police Reserve Corps "shall be volunteer workers only and shall not be, or be deemed to be, employees of the City or of the Police Department for any purpose other than for the purposes of Section 22.233 [1] of this Article and shall serve

---

[1]     L.A. Administrative Code section 22.233 provides that police reserve officers are deemed employees of the City for the limited purpose of recovery of workers' compensation benefits.

2

gratuitously except as provided in Section 22.230 of this Article." (L.A. Admin. Code, § 22.227.)[2]

As an applicant for the reserve officer position, Estrada acknowledged in writing that "As a member of the Police Reserve Corps, I am not a regularly salaried officer of the [Department] and am not entitled to compensation for services rendered as a Police Reserve Officer."

In 1995, while on duty, Estrada was involved in a traffic collision and sustained leg and back injuries. In 1996, while on duty, Estrada again was involved in a traffic collision and injured his right shoulder. In both instances, he obtained workers' compensation benefits and continued to receive benefits, as his injuries were not fully resolved.

In October 2004, the Food and Drug Administration (FDA) served a search warrant on Estrada's nutritional supplement company, Body Basics, Inc. Thereafter, Estrada was the subject of a personnel complaint by the Department's Internal Affairs Division. The personnel complaint alleged that while Estrada was off duty, he "inappropriately sold a product containing sildenafil citrate, the active ingredient of Pfizer's trademark prescription drug Viagra."

In May 2005, Estrada was suspended from the Police Reserve Corps pending the outcome of the investigation of the personnel complaint. After being served with a notice of proposed disciplinary action, Estrada submitted a 139-page *Skelly*[3] response asserting discrepancies in the investigation and proffering additional evidence to exonerate him. The administrative proceedings resulted in Estrada's termination in December 2007, after 17 years as a reserve officer.

---

[2]     Police reserve officers are not paid salary, wages or compensation for services rendered, but are furnished with a police uniform and necessary equipment, as well as $50 per deployment period as reimbursement for expenses. (L.A. Admin. Code, § 22.230(a).)

[3]     *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194.

3

2. *Superior court proceedings*.

On June 3, 2009, Estrada filed suit against the City, alleging: disability discrimination under FEHA (Gov. Code, § 12945.2, subd. (*l*)) (first cause of action); retaliation for filing workers' compensation claim (Lab. Code, § 132a) (second cause of action); and intentional infliction of emotional distress (IIED) (third cause of action).

Estrada subsequently withdrew the second cause of action, and the third cause of action was eliminated on demurrer. Thus, this matter proceeded only on the first cause of action, the FEHA claim.

The matter was bifurcated. The parties stipulated the threshold issue of Estrada's employment status was a question of law for the court to decide, in that the pertinent facts were undisputed. The parties filed trial briefs as well as requests for judicial notice of various materials, including benefits information for reserve officers, and various provisions of the City Charter and L.A. Administrative Code.

After considering the parties' written and oral arguments and evidence in support thereof, the trial court determined "as a matter of law that [Estrada] could not prove the elements of his first cause of action for disability discrimination in violation of the [FEHA] on the ground that [Estrada] is not an employee for purposes of the FEHA." The trial court ruled "because the City of Los Angeles is a public agency whose applicable ordinance only permits employment of those appointed pursuant to the City Civil Service Rules and Estrada was not so employed, he is not an employee for purposes of the [FEHA]."

Estrada filed a timely notice of appeal from the judgment.

4

**CONTENTIONS**

Estrada contends: the trial court erred in concluding the definition of "employee" for purposes of his FEHA discrimination claim is governed by the City's civil service rules; a charter city, such as Los Angeles, cannot opt out of complying with state laws that address statewide concerns; FEHA defines "employee" broadly and looks to case law for a more useful definition; FEHA reflects matters of statewide concern and cannot be trumped by the City's civil service rules; including the City's police reserve officers within the definition of "employee" is consistent with the public policy expressed in FEHA and is reasonably related to the statewide concerns addressed in FEHA.

**DISCUSSION**

1. *General principles; to recover for employment discrimination under the FEHA, an aggrieved plaintiff must have the status of an employee; an uncompensated volunteer is not an employee.*

The FEHA was enacted "to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mental disability, [or] medical condition . . . . [¶] . . . [¶] It is the purpose of [the FEHA] to provide effective remedies that will eliminate these discriminatory practices." (Gov. Code, § 12920.) Thus the FEHA prohibits an employer from discriminating because of a disability against employees or applicants for employment "in compensation or in terms, conditions, or privileges of employment." (Gov. Code, § 12940, subd. (a); see also § 12926.1.)

In "order to recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee." (*Shephard v. Loyola Marymount Univ*. (2002) 102 Cal.App.4th 837, 842 (*Shephard*).) However, "the statutory definition of 'employee' found at [Gov. Code] section 12926, subdivision (c), does not actually define who is an employee under the FEHA; it merely excludes

5

persons employed by close relatives and those 'employed' by nonprofit sheltered workshops and rehabilitation facilities.[4]  Therefore, . . . the FEHA definitional provision is not particularly helpful in determining under what circumstances one may be considered to be an employee for purposes of the FEHA."  (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 632 (*Mendoza*).)

More helpful "is the definition of 'employee' contained in regulations enacted by the Department of Fair Employment and Housing [the DFEH] to implement the FEHA. The [DFEH], which was created by the FEHA ([Gov. Code,] § 12901), defines an employee as '[a]ny *individual under the direction and control of an employer under any appointment* or contract of hire or apprenticeship, express or implied, oral or written.'  (Cal. Code Regs., tit. 2, § 7286.5, subd. (b).) While the interpretation of a statute is ultimately a question of law, appellate courts will defer to an administrative agency's interpretation of a statute or regulation involving its area of expertise, unless the interpretation flies in the face of the clear language and purpose of the interpreted provision.  [Citation.]  Far from being in conflict, section 7286.5, subdivision (b) of title 2 of the California Code of Regulations fills a gap in the governing statute, and provides a workable definition of who may be considered an employee and thus entitled to the protection of the FEHA.  [¶]  Thus, on its face, the FEHA confers employee status on those individuals *who have been appointed*, who are hired under express or implied contract, or who serve as apprentices."  (*Mendoza, supra*, 128 Cal.App.4th at pp. 632-633, italics added.)[5]

---

[4]    Under the FEHA, " 'Employee' does not include any individual employed by his or her parents, spouse, or child, or any individual employed under a special license in a nonprofit sheltered workshop or rehabilitation facility."  (Gov. Code, § 12926, subd. (c).)

[5]    As a "general proposition, terms of public employment are governed by statute, not contract.  [Citations.]"  (*Mendoza, supra*, 128 Cal.App.4th at p. 634.)

In *Mendoza*, the plaintiff was a volunteer community service officer with the Town of Ross (Town) who worked as an uncompensated volunteer and assisted in traffic duties, crime prevention and neighborhood crime watch programs. (*Mendoza, supra*, 128 Cal.App.4th at p. 629.)  He sued for disability discrimination in violation of the FEHA after his position as a community service officer was terminated.  (*Id.* at pp. 628-630.)  He argued he met the DFEH's "and thus the FEHA's, definition of an employee because he was '*appointed*' to his volunteer position.  As evidence of this, [the plaintiff] relie[d] on his police identification card, which state[d], 'This is to certify that Peter Mendoza is a duly *appointed* Community Service Officer.'  (Italics added.)" (*Mendoza, supra,* 128 Cal.App.4th at p. 633, first italics added.)

The *Mendoza* court rejected this argument, stating:  "Regardless of what verbiage may appear on Mendoza's identification card, Mendoza ignores the controlling local ordinance, which vests the Town Council with the exclusive authority to make appointments to employment.  Under Section 3.5.1 of the Town's 'Personnel Rules' in the record before us (Rule 3.5.1), it is provided: 'Appointment to full-time regular, part-time regular, or temporary positions shall be made by the Town Council with the recommendation of the department heads.'  [Italics omitted.]  Thus, the Town Council has exclusive authority to appoint individuals to employment positions with the Town, albeit upon the advice of city department heads.  The first amended complaint contains no allegation that such an appointment was made in Mendoza's case, nor did Mendoza make any proffer in response to the Town's request for judicial notice that he was appointed to his [Community Service Officer] position in accordance with Rule 3.5.1.  The Town persuasively argues that since the Town's appointment process was not initiated, Mendoza was not appointed, and does not fall under the FEHA employee category as an appointee." (*Mendoza, supra*, 128 Cal.App.4th at p. 633, fns. omitted.)

7

The *Mendoza* court also relied on "Labor Code section 3352, subdivision (i) [which] excludes public agency volunteers from workers' compensation coverage. 'Employee' excludes '[a]ny person performing voluntary service[s] for a public agency or a private, nonprofit organization who receives no remuneration for . . . services other than meals, transportation, lodging, or reimbursement for incidental expenses.' (Lab. Code, § 3352, subd. (i).) Applying the sound rationale utilized in *Shephard*,[6] it would be incongruous to determine that Mendoza is an employee under the FEHA, but not an employee for workers' compensation purposes."[7] (*Mendoza, supra*, 128 Cal.App.4th at p. 635.)

*Mendoza* continued, "absent applicable California case law on the issue of whether the FEHA applies to volunteers, it is instructive to look to federal law. ' " 'Because the antidiscrimination objectives and relevant wording of title VII of the Civil Rights Act of 1964 (Title VII) [(42 U.S.C. § 2000e et seq.)] [and other federal antidiscrimination statutes] are similar to those of the FEHA, California courts often look to federal decisions interpreting these statutes for assistance in interpreting the FEHA.' " [Citation.]' (*Richards v. CH2M Hill, Inc*. (2001) 26 Cal.4th 798, 812; see *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 606.)" (*Mendoza, supra*, 128 Cal.App.4th at p. 635.)

Title VII "succinctly defines 'employee' as an 'individual employed by an employer.' (42 U.S.C. § 2000e(f).) The first prong of the title VII test in determining if someone is an employee requires the plaintiff to prove he or she was hired by the putative employer. (*U.S. v. City of New York* (2d Cir. 2004) 359 F.3d 83, 91-92.)

---

[6] *Shephard* held a student basketball player was not a school employee, either for purposes of workers' compensation benefits or for purposes of maintaining a discrimination claim under the FEHA. (*Shephard, supra*, 102 Cal.App.4th at pp. 846-847.)

[7] We are mindful that in the instant case, Estrada, as a member of the reserve officer corps, was deemed by the City to be an employee solely for purposes of workers' compensation coverage. (L.A. Admin. Code, § 22.233.)

8

To do so, the courts must look to ' "the thirteen factors articulated by the Supreme Court in *Community for Creative Non-Violence v. Reid* [1989] 490 U.S. 730, . . ." to determine whether an employment relationship exists. *Eisenberg v. Advance Relocation and Storage, Inc.*, 237 F.3d 111, 113-14 (2d Cir. 2000).' (*U.S. v. City of New York, supra,* 359 F.3d at p. 92.) However, *to satisfy the hiring prong, a purported employee must establish the existence of remuneration, in some form, in exchange for work.* (*Ibid.*)" (*Mendoza, supra*, 128 Cal.App.4th at pp. 635-636, italics added.)

For example, "the United States Court of Appeals for the Second Circuit has held that an unpaid intern could not sue for sexual harassment under title VII because she did not meet the definition of employee for common law agency. (*O'Connor v. Davis* [(2d Cir. 1997)] 126 F.3d [112,] 115-116.) '*Where no financial benefit is obtained by the purported employee from the employer, no "plausible" employment relationship of any sort can be said to exist* because although "compensation by the putative employer to the putative employee in exchange for his services is not a sufficient condition, . . . it is an essential condition to the existence of an employer-employee relationship." [Citations.]' [Citation.]" (*Mendoza, supra*, 128 Cal.App.4th at p. 636, italics added.)

Other courts "have agreed with this view. (*City of Fort Calhoun v. Collins* (1993) 243 Neb. 528 [500 N.W.2d 822] [volunteer firefighters were not employees within the meaning of the Nebraska Fair Employment Practice Act, which is patterned after title VII]; *Haavistola v. Community Fire Co*. (4th Cir. 1993) 6 F.3d 211, 219; *Graves v. Women's Professional Rodeo Ass'n., Inc*. (8th Cir. 1990) 907 F.2d 71, 72-73 [male rodeo barrel racer could not bring title VII claim because association did not have employees since it gave no compensation, which is an essential condition to the existence of an employer-employee relationship].)" (*Mendoza, supra*, 128 Cal.App.4th at p. 636.)

9

*Mendoza* observed, "Even substantial *indirect* compensation can satisfy the threshold requirement of remuneration for purposes of employee status under title VII. If not direct salary, substantial benefits which are not merely incidental to the activity performed, such as health insurance, vacation or sick pay, are indicia of employment status. (*U.S. v. City of New York, supra*, 359 F.3d at p. 92.) Thus, volunteer firefighters in *Pietras v. Board of Fire Com'rs. of Farmingville* (2d Cir. 1999) 180 F.3d 468 were entitled to employee status, in part, based on their receipt of significant benefits, such as disability pensions, survivors' benefits, group life insurance, and scholarships for dependent children of deceased firefighters. (*Ibid*.)" (*Mendoza, supra*, 128 Cal.App.4th at p. 636, fn. omitted.)

*Mendoza* found "there is nothing within the FEHA or its legislative history evincing an intent to depart from the requirement that compensation of some sort is indispensable to the formation of an employment relationship. In fact, our Legislature tacitly acknowledged that remuneration remains an integral part of an employment relationship when it enacted amendments to the FEHA extending its coverage to disabled employees. For example, when the FEHA was amended to clarify the definitions of physical and mental disabilities, the Legislature made note of the important public goal that, by providing reasonable accommodations for disabled employees, employers were helping to strengthen our economy by keeping people working who would otherwise require public assistance. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 2222 (1999-2000 Reg. Sess.) Apr. 11, 2000, p. 4.) *This rationale clearly indicates that the Legislature assumed and intended that disabled persons need to be compensated 'employees' in order to benefit from the FEHA's expanded protection.*" (*Mendoza, supra,* 128 Cal.App.4th at p. 637, italics added.)

In *Mendoza*, the plaintiff "concede[d] that his position was unpaid, and [did] not allege that he received any other type of financial benefit he might have received, such as health, insurance, or retirement benefits. (*York v. Association of Bar of City of New York* (2d Cir. 2002) 286 F.3d 122, 126.) Because [the plaintiff's] position was

10

unpaid and his complaint made no mention of any health, retirement, or other substantial benefits, for this additional reason [the plaintiff] d[id] not meet the definition of employee for FEHA purposes." (*Mendoza, supra*, 128 Cal.App.4th at p. 637.)

*Mendoza* "conclude[d] that [plaintiff's] service as a [Community Service Officer] was not the result of an appointment provided to him pursuant to contract, nor was it an apprenticeship. Furthermore, even if he could meet one of these definitional standards, the absence of remuneration prevents him from attaining 'employee' status under the FEHA." (*Mendoza, supra*, 128 Cal.App.4th 637.)

2. *Trial court properly determined Estrada was not an employee of the City within the meaning of FEHA; Estrada was appointed to a volunteer position without remuneration.*

The City of Los Angeles is a charter city. (http://www.cacities.org/chartercities.) "As a charter city, it is empowered under the 'home rule' provision of article XI, section 5 of the California Constitution to regulate, control, and govern its internal affairs. (*Johnson v. Bradley* (1992) 4 Cal.4th 389, 395-396.) This power over internal affairs extends to the City's role as an employer. (*Williams v. Department of Water & Power* (1982) 130 Cal.App.3d 677, 680.) Thus, we look to the City's charter, civil service rules and regulations, and employee handbook for guidance on [plaintiff's] employment rights. (*Williams v. Department of Water & Power, supra,* 130 Cal.App.3d at p. 680 [the court looked to the Los Angeles City Charter and civil service rules in determining the rights of a department of water and power employee because '[i]t is well settled that the terms and conditions of public employment including term of service, are fixed by the statute, rules or regulations creating it . . .'].)" (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1692-1693; accord, *Mendoza, supra,* 128 Cal.App.4th at p. 634 [terms of public employment are governed by statute, not contract].)

The City's Charter, Administrative Code and civil service rules establish the following employment scheme:

The City Charter provides that Article X thereof, Employment Provisions, "shall apply to all employees of the City, except for those specifically exempted in Section 1001." (L.A. City Charter, § 1000.) Estrada's position as a Police Reserve Officer is not specifically exempted from the provisions of Article X of the City Charter. (L.A. City Charter, § 1001.) Therefore, section 1000 et seq. of the City Charter are implicated herein.

Section 1004 of the City Charter provides in relevant part that the Board of Civil Service Commissioners of the City of Los Angeles (Board) "shall promulgate civil service rules to carry out the purposes of this Article in accordance with applicable law."[8] The civil service rules promulgated by the Board define an employee as "*a person occupying a position in the classified civil service*." (Board Civil Service Rules, § 1.17, italics added.)

Estrada concedes in his opening brief that he "was not appointed or considered an employee by the City of Los Angeles' Civil Service." Nonetheless, Estrada asserts employee status based on his appointment by the City's Chief of Police.

In that regard, section 22.227 of the L.A. Administrative Code states: "A Police Reserve Corps is created and established as an organization, which shall be composed of persons who shall have been *appointed* and sworn in as members of the Corps by the Chief of Police or by a Deputy Chief of Police designated by the Chief for this purpose. . . . Members shall be *volunteer workers only and shall not be, or be deemed to be, employees of the City or of the Police Department for any purpose other*

---

[8] Charter section 1004 states in its entirety: "The board shall promulgate civil service rules to carry out the purposes of this Article in accordance with applicable law. All rules and any changes to those rules shall be made in writing. The board shall give notice by publication in some daily newspaper circulated in the City of Los Angeles of the place or places where the rules may be obtained, and the date, not less than 30 days after the date of publication, when the rules shall go into effect. The civil service rules shall provide for, among other subjects, examinations, leaves of absence, transfers, temporary appointments, disciplinary hearings, layoffs, and procedures for the review and appeal of determinations by the general manager of the Personnel Department with respect to the civil service provisions of the Charter."

*than for the purposes of Section 22.233 of this Article and shall serve gratuitously* except as provided in Section 22.230 of this Article." (Italics added.)

Thus, pursuant to the language of L.A. Administrative Code section 22.227, Estrada was "appointed" to his volunteer position by the Chief of Police. This is similar to *Mendoza*, wherein the plaintiff was "appointed" to his position as a volunteer Community Service Officer. (*Mendoza, supra,* 128 Cal.App.4th at p. 633.) Nonetheless, here, as in *Mendoza* (*ibid*.), the plaintiff was *not* appointed to an *employee* position. To reiterate, the instant civil service rules define an employee as "a person occupying a position in the classified civil service." (Board Civil Service Rules, § 1.17.) Estrada admittedly was not appointed to a position in the classified civil service. Accordingly, Estrada was not an employee of the City.

3. *The fact the City provides Police Reserve Officers with workers'*
*compensation coverage does not compel a different conclusion; workers'*
*compensation benefits do not amount to remuneration giving rise to employee status.*

As indicated, the City has ordained that members of the Police Reserve Corps "shall be volunteer workers only and shall not be, or be deemed to be, employees of the City or of the Police Department *for any purpose other than for the purposes of Section 22.233 of this Article* [workers' compensation benefits] and shall serve gratuitously except as provided in Section 22.230 of this Article [$50 reimbursement for expenses per deployment period]." (L.A. Admin. Code, § 22.227, italics added.)

Thus, the City deems Police Reserve Officers, such as Estrada, to be employees solely for purposes of workers' compensation coverage. The City does so despite the fact the Workers' Compensation Act excludes from the definition of employee "[a]ny person performing voluntary service for a public agency or a private, nonprofit organization who receives no remuneration for the services other than meals,

transportation, lodging, or reimbursement for incidental expenses." (Lab. Code, § 3352, subd. (i).)[9]

We are mindful the *Mendoza* court, citing the volunteer exclusion, found "it would be incongruous to determine that Mendoza is an employee under the FEHA, but not an employee for workers' compensation purposes." (*Mendoza, supra*, 128 Cal.App.4th at p. 635.) *Mendoza* thus found the plaintiff was not an employee under *either* statutory scheme.

*Mendoza* also was guided by *Shephard, supra,* 102 Cal.App.4th 837, which "emphasized that in the context of workers' compensation, Labor Code section 3352, subdivision (k) explicitly excludes a student athlete receiving an athletic scholarship from the term 'employee.' The court in *Shephard* noted that the workers' compensation statute and the FEHA are both 'designed to provide workplace protection for employees [and] should be construed together in a harmonious fashion.' (*Shephard, supra,* 102 Cal.App.4th at p. 846.) The [*Shephard*] court concluded that since student athletes are excluded from the definition of employee for workers' compensation coverage, allowing them coverage for discrimination under the FEHA would be an absurd result. (*Id*. at pp. 846-847.)" (*Mendoza, supra*, 128 Cal.App.4th at pp. 634-635, fn. omitted.)

This fact situation is unlike *Mendoza* or *Shephard*. In both of those cases, the plaintiffs were not employees, *either* for purposes of workers' compensation coverage or for coverage for discrimination under the FEHA. (*Mendoza, supra*,

---

[9]     As indicated, the Labor Code specifically excludes unpaid volunteers, such as Estrada, from the Workers' Compensation Act's definition of "employee." (Lab. Code, § 3352, subd. (i).) However, contrary to the Labor Code's exclusion of unpaid volunteers from the definition of employee, the L.A. Administrative Code deems volunteer reserve officers to be "employees" for purposes of workers' compensation coverage. (L.A. Admin. Code, §§ 22.227, 22.233.) Notwithstanding the state of the public fisc, the City has extended those valuable benefits to volunteer reserve officers, although they "serve gratuitously . . . ." (*Id*., § 22.227.) The propriety of the City's bestowing workers' compensation benefits on volunteer reserve officers is beyond the scope of this appeal and we do not address the issue.

14

128 Cal.App.4th at p. 635; *Shephard, supra*, 102 Cal.App.4th at pp. 846-847.)
Here, the City has chosen to include volunteer reserve officers within the definition of "employee," strictly for purposes of workers' compensation coverage. (L.A. Admin. Code, § 22.227.) Clearly, the City has made a policy decision to extend such benefits to volunteers reserve officers, who serve gratuitously and put themselves in harm's way to protect the community.

However, the consequence of this policy decision by the City is not to convert these uncompensated volunteers into municipal employees for all purposes. The fact the City provides volunteer reserve officers with workers' compensation benefits if they sustain industrial injuries does not change the fact they serve without remuneration. The City's workers' compensation benefits, similar to the recurring $50 reimbursement for a volunteer's out of pocket expenses, simply serve to make a volunteer whole in the event the volunteer were to sustain injury while performing his or her duties. Irrespective of the significant value of workers' compensation benefits, the purpose of workers' compensation is "to compensate for losses resulting from the risks to which the fact of employment in the industry exposes the employee." (*Bell v. Industrial Vangas, Inc*. (1981) 30 Cal.3d 268, 277.) The fact the City ensures that unpaid volunteers such as Estrada are compensated for industrial injuries does not mean that such persons are deemed employees for purposes of the FEHA.

### CONCLUSION

Estrada was a volunteer who served without remuneration. He was appointed to a volunteer position, rather than to a position in the classified civil service. Accordingly, Estrada was not an employee of the City. (Board Civil Service Rules, § 1.17.) Therefore, Estrada is incapable of maintaining a cause of action against the City for disability discrimination pursuant to the FEHA.

15

## DISPOSITION

The judgment is affirmed. The parties shall bear their respective costs on appeal.

**CERTIFIED FOR PUBLICATION**


KLEIN, P. J.


We concur:


CROSKEY, J.


ALDRICH, J.

16