NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT IRISH, DBA Furniture Sales Agents, Inc., Individually, | No.    18-55650 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00515-PSG-KS |
| v. | |
| MAGNUSSEN HOME FURNISHINGS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 7, 2019
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

Plaintiff-Appellant Robert Irish filed suit in California state court against

Magnussen Home Furnishings, Inc.  Irish alleged that Magnussen wrongfully

terminated his employment in violation of California's Fair Employment and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Housing Act ("FEHA") and the public policy embodied in FEHA. Irish also alleged that Magnussen failed to pay him earned incentive commissions and sought an accounting of Magnussen's records to ascertain the amount of commissions owed. After removal to federal court, the district court granted Magnussen's motion for summary judgment on the grounds that Irish was an independent contractor as a matter of law and that only employees could bring the claims Irish asserted. We affirm.

Whether an individual is an employee or independent contractor is a question of law unless the determination depends upon a dispute of material fact. *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 769 P.2d 399, 403 (Cal. 1989). No material facts are disputed here. Irish set his own schedule, paid himself out of his company's funds, owned most of the equipment he used, was permitted to work for other employers at the same time he worked for Magnussen, and was never issued W-2 tax forms. Taken together, these facts show that Irish was an independent contractor. *See Borello*, 769 P.2d at 404; *see also Alexander v. FedEx Ground Package Sys., Inc.*, 765 F.3d 981, 988 (9th Cir. 2014) (explaining that right to control is the principal test in evaluating an individual's employment status).

Because Irish was an independent contractor as a matter of law, and FEHA protection is only available to employees, summary judgment was appropriate on his FEHA claims. *See Estrada v. City of Los Angeles*, 159 Cal. Rptr. 3d 843, 846 (Cal. Ct. App. 2013); *Sistare-Meyer v. Young Men's Christian Ass'n*, 67 Cal. Rptr. 2d 840, 845 (Cal. Ct. App. 1997). It follows that Irish is not entitled to punitive damages on those claims. Irish is also not entitled to earned incentive commissions under California Labor Code sections 201 to 204, which apply only to employees. Irish's accounting claim, which was entirely based on the failure to pay earned incentive commissions claim, thereby also necessarily fails.

**AFFIRMED.**