Filed 2/26/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN LOWRY,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>PORT SAN LUIS HARBOR DISTRICT,<br><br>   Defendant and Respondent. | 2d Civ. No. B330631<br>(Super. Ct. No. 20CV-0337)<br>(San Luis Obispo County) |

The California Fair Employment and Housing Act (Gov. Code,[1] § 12900 et seq.; FEHA) requires employers to hire and retain individuals with disabilities able to perform their essential duties with or without reasonable accommodations ("qualified employees"). FEHA also protects qualified employees from discriminatory adverse employment actions based on disability regarding the terms, conditions, and privileges of employment. (§§ 12920, 12921, 12940, subd. (a); see *Miller v. Department of Corrections & Rehabilitation* (2024) 105 Cal.App.5th 261, 280

---

[1] All undesignated statutory references are to the Government Code.

(*Miller*); *Estrada v. City of Los Angeles* (2013) 218 Cal.App.4th 143, 148.)

Here we conclude that the denial of disability retirement payments is not an adverse employment action under FEHA. Disability retirement payments do not facilitate a qualified employee's continued employment, job performance, or opportunity for advancement. To the contrary, they serve as income replacement for employees who can no longer work. We hold that an individual who is not a qualified employee cannot bring a disability discrimination claim under FEHA for the denial of disability retirement payments.

John Lowry appeals from the order granting summary judgment against him in favor of his former employer, the Port San Luis Harbor District (the District). He contends the trial court erred by concluding he was not eligible for relief under FEHA when the District denied his request for disability retirement payments after he suffered a workplace injury rendering him unable to perform his essential functions even with reasonable accommodations. We affirm.

FACTUAL AND PROCEDURAL HISTORY

Lowry was employed with the District as a harbor patrol officer. While descending a ladder at a pier in the course of his duties, his legs became entangled and his head and upper body were submerged. As a result, Lowry suffered physical, psychiatric, and emotional injuries. His treating psychiatrist, Dr. Meredith Hannan, concluded that Lowry suffered from posttraumatic stress disorder (PTSD) from the accident. She opined that Lowry was not fit to return to work and instead

should be medically retired.[2]

Lowry stopped working when he received a letter from the District's workers' compensation insurer that it "received information that your industrial injury has resulted in permanent disability and [the District] is unable to offer you work within your permanent limitations/restrictions." The District informed Lowry that based on Dr. Hannan's reports and deposition testimony, "it appears that you are not fit to return to work in the Harbor Patrol Department." Because of Lowry's "inability to return to work," the District stated that Lowry's "single option is retirement." Lowry applied for a disability retirement.

Despite its earlier statements that Lowry was permanently disabled and unable to return to work, the District later denied his application for disability retirement. The District stated it did "not have enough information to make a determination of disability." Lowry also received a letter from the California Public Employees' Retirement System (CalPERS) stating: "In accordance with Government Code section 21156, your employer has determined that you are not incapacitated for the performance of your duties as a Harbor Patrol Officer III. Therefore, your application for industrial disability retirement has been denied."

The District ultimately terminated Lowry's employment on

---

[2] Lowry received worker's compensation benefits because of his injuries. He also filed a tort complaint against the District, and we affirmed the judgment against him for failure to comply with the Government Claims Act (§ 810 et seq.). (*Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211.)

the basis that he "voluntarily resigned" by accepting other employment performing home improvement inspections for a homeowners' association. During litigation the District admitted that Lowry did *not* voluntarily resign.

After abandoning causes of action for wrongful discharge, failure to engage in the interactive process, failure to provide reasonable accommodation, and retaliatory discharge, Lowry filed a first amended complaint. He alleged a single cause of action for disability discrimination pursuant to FEHA based on denial of a disability retirement as a "term[], condition[], or privilege[] of employment" (§ 12940, subd. (a)).

The District moved for summary judgment. Lowry and the District agreed that he "is not able to perform the essential job duties of Harbor Patrol Officer III with or without accommodation." For this reason the District contended that Lowry was not entitled to a remedy pursuant to FEHA. The trial court granted summary judgment against Lowry in favor of the District, reasoning in part that disability retirement "does not qualify as a term, condition, or privilege of employment contemplated by the act," and FEHA was "not the appropriate statutory vehicle for [pursuing] Lowry's disability retirement claim."

At oral argument, Lowry conceded there was no evidence in the record that he would be able to return to work at the District within 12 months after suffering his work injury. Lowry does not contend he would be able to return to work at the District after 12 months.

4

DISCUSSION

*Summary judgment*

"[A] motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) The moving party meets its burden if it "has shown that one or more elements of the cause of action . . . cannot be established." (*Id.*, subd. (p)(2); see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849-850.)

We review a ruling on summary judgment de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.) " '[W]e review the trial court's rulings and not its reasoning.' " (*Ibid.*) We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in their favor. (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

*Disability retirement*

CalPERS disability retirements apply to designated state employees and local safety members of contracting local agencies, including the District. (§§ 20420, 21151, subd. (a).) An employee with the requisite years of service is entitled to a disability retirement if found "incapacitated for the performance of duty." (§ 21150, subd. (a).) " 'Disability' and 'incapacity for performance of duty' as a basis of retirement, mean disability of permanent or extended duration, which is expected to last at least 12 consecutive months or will result in death." (§ 20026; see *Rodriguez v. City of Santa Cruz* (2014) 227 Cal.App.4th 1443, 1451.)

Upon timely application for a disability retirement, the

5

CalPERS Board of Administration (the board) "shall request the governing body of the contracting agency employing the member" to determine "whether the member is incapacitated for the performance of duty." (§ 21154, see § 20021.) The employing agency shall determine eligibility based on "competent medical opinion." (§§ 20026, 21156, subd. (a)(2).) "If the medical examination and other available information show to the satisfaction of . . . the governing body of the contracting agency employing the member, that the member . . . is incapacitated physically or mentally for the performance of [their] duties and is eligible to retire for disability, the board shall immediately retire [them] for disability." (§ 21156, subd. (a)(1).)

"Notwithstanding any other provision of law, an employer may not separate because of disability a member otherwise eligible to retire for disability but shall apply for disability retirement of any member believed to be disabled." (§ 21153.) The employing agency certifies its determination to the board. (§ 21156, subd. (b)(1).)

The employee may appeal the employing agency's determination to the Office of Administrative Hearings, to be heard by an administrative law judge. (§ 21156, subd. (b)(2); *Usher v. County of Monterey* (1998) 65 Cal.App.4th 210, 217-218.) The administrative law judge's decision can be challenged through a petition for writ of administrative mandamus. (Code Civ. Proc., § 1094.5; *see Rodriguez v. City of Santa Cruz, supra,* 227 Cal.App.4th at p. 1450; *Usher*, at pp. 219-220.) Lowry did not appeal the District's determination that he was not disabled for purposes of qualifying for retirement disability. Instead, he followed the repealed statutory procedure of appealing to the District. (See *Langan v. City of El Monte* (2000) 79 Cal.App.4th

608, 617-618; *Usher*, at p. 217.) The District did not respond. He then filed the instant FEHA suit.

*FEHA*

FEHA provides that it is an unlawful employment practice "[f]or an employer, because of the . . . physical disability [or] mental disability . . . of any person, to refuse to hire or employ the person . . . or to bar or to discharge the person from employment . . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." (§ 12940, subd. (a).) However, FEHA does not prohibit an employer from refusing to hire or discharging an employee who is unable to perform their essential duties even with reasonable accommodations because of a disability. (§ 12940, subd. (a)(1).)

*Term, condition, or privilege of employment*

The District contends disability retirement payments to persons who are not "qualified individuals" do not constitute a "term[], condition[], or privilege[] of employment" protected by FEHA. (§ 12940, subd. (a).) We agree because the denial of these payments does not qualify as an actionable adverse employment action under FEHA.

FEHA is based on the public policy "to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment." (§§ 12920, 12921, subd. (a).) "In enacting the FEHA, the Legislature sought to safeguard the rights of all persons to seek, obtain, and hold employment without discrimination on account of various characteristics, which now include race, religion, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, and sexual

7

orientation." (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 984.) FEHA "protects an employee against unlawful discrimination with respect not only to so-called 'ultimate employment actions' such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for advancement in [their] career." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1053-1054 (*Yanowitz*).) Thus, to prevail on a cause of action for disability discrimination under FEHA an employee must provide evidence that they suffered an adverse employment action. (See *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355.)

In *Yanowitz*, our Supreme Court construed "terms, conditions, or privileges of employment" to include negative performance evaluations, unwarranted criticism in the presence of coworkers, and refusing to provide necessary resources. (*Yanowitz, supra*, 36 Cal.4th at p. 1055, 1060.) Other examples include "job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, [and] deciding who will be laid off." (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 64-65; see *McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 298-300 [abusive language, providing insufficient training].) These prohibitions against adverse employment actions allow qualified employees with disabilities to continue working without being subjected to discrimination.

Moreover, "the purpose of a disability retirement under [CalPERS] is not to facilitate a disabled employee's eventual

8

return to work. The express statutory purpose of a disability retirement is to permit the disabled employee to be 'replaced by more capable employees' (§ 20001) while alleviating 'the harshness that would accompany the termination of an employee who has become medically unable to perform [their] duties.' . . . '[D]isability retirement' is a 'means of removing an employee from a job' that serves as an alternative to termination as the result of a disability." (*Miller, supra*, 105 Cal.App.5th 261, 281.) "While an employee receiving disability retirement continues to have a relationship with the employer, such relationship is 'abated' and limited to the disabled annuitant's ability to petition for reinstatement to active service." (*Id*. at p. 281, fn. 8.)

In our view, postemployment retirement benefits, such as disability retirement benefits to persons who are not qualified employees, do not fall within the "terms, conditions, or privileges of employment" contemplated by FEHA. (§ 12940, subd. (a).) Retirement benefits begin when employment ends. They are not "reasonably likely to adversely and materially affect an employee's job performance or opportunity for advancement in [their] career." (*Yanowitz, supra*, 36 Cal.4th at pp. 1053-1054.) And absent evidence that a disabled employee will be able to perform their essential duties with or without reasonable accommodations in the future, disability retirement benefits do not assist such individuals to "hold employment." (§§ 12920, 12921, subd. (a).)

"[A]n adverse employment action is one that affects an employee, not a former employee, in the terms, conditions or privileges of [their] employment, not in the terms, conditions or privileges of [their] unemployment." (*Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th

9

1150, 1162.)  We conclude the failure to provide disability retirement benefits to an individual who is not a qualified employee is not an adverse employment action under FEHA.

*Qualified individuals*

Under FEHA, disabled employees who "can perform the essential functions of the job with or without reasonable accommodation" are considered "qualified individuals." (*Green v. State of California* (2007) 42 Cal.4th 254, 260 (*Green*).)  Lowry contends that FEHA protections "in terms, conditions, or privileges of employment" (§ 12940, subd. (a)) are not limited to qualified individuals.  We are not persuaded.

In *Green*, an employee was placed on disability leave.  He initially decided to take a disability retirement but later requested to return to work.  (*Green*, *supra*, 42 Cal.4th at p. 259.) Our Supreme Court cited cases construing similar language in the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.; ADA).  (*Green*, at p. 261.)  The court upheld the employer's denial of the employee's request to return to work, concluding that "plaintiffs must prove, like their federal counterparts under the ADA, that they are qualified individuals under the FEHA in order to prevail in their lawsuits." (*Id*. at p. 260.)  "Therefore, in order to establish that a defendant employer has discriminated on the basis of disability in violation of the FEHA, the plaintiff employee bears the burden of proving he or she was able to do the job, with or without reasonable accommodation." (*Id*. at p. 262.) We are bound by our Supreme Court's precedent in *Green*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

"[T]he FEHA and the ADA both limit their protective scope to those employees with a disability who can perform the essential duties of the employment position with reasonable

10

accommodation. (Compare § 12940, subd. (a)(1) with 42 U.S.C. §§ 12111(8), 12112(a).) We see no statutory basis for construing the FEHA any differently from the ADA with regard to a plaintiff employee's burden of proof." (*Green*, *supra*, 42 Cal.4th at p. 264.) A regulation of California's Civil Rights Department similarly provides that to establish disability discrimination, "[a]n applicant or employee has the burden of proof to establish that the applicant or employee is a qualified individual capable of performing the essential functions of the job with or without reasonable accommodation." (Cal. Code Regs., tit. 2, § 11066, subd. (a).)

The unavailability of a FEHA remedy is supported by *Miller*, *supra*, 105 Cal.App.5th 261. There, the employee's disability restrictions "rendered her incapable of performing the essential duties" of her job. (*Id*. at p. 276.) The employee claimed that a disability retirement was a reasonable accommodation under FEHA. (*Miller*, at p. 280.) The employer denied disability retirement as an accommodation, and the employee sued for disability discrimination under FEHA. (*Miller*, at p. 280.)

The court in *Miller* affirmed summary judgment for the employer. (*Miller*, *supra*, 105 Cal.App.5th at p. 277.) The court reasoned, "where an employee's disability renders [them] unable to perform the essential functions of [their] job, section 12940, subdivision (a)'s prohibition against changing the terms, conditions or privileges of employment because of disability does not apply and there is no occasion to scrutinize the employer's motive for taking such actions." (*Id*. at p. 275, fn. 6.) Similarly here, "[a]bsent evidence regarding [Lowry's] ability to perform the essential duties of [his] job with or without an accommodation, [Lowry] did not meet [his] burden of showing a

11

material dispute of fact in opposition and the trial court did not err in granting summary [judgment]." (*Id.* at p. 277.)

*Mandamus*

Lowry also contends the trial court erred by suggesting the appropriate remedy would have been a writ of mandate rather than a FEHA action. We agree that traditional mandamus would not be available because the District's determination that Lowry was not disabled was discretionary rather than ministerial. (See *Coast Community College Dist. v. Commission on State Mandates* (2022) 13 Cal.5th 800, 815.) We nonetheless conclude that this error does not mandate reversal. Lowry could have appealed the District's decision to an administrative law judge (§ 21156, subd. (b)(2)). And if that was adverse, Lowry could have filed a petition for writ of administrative mandamus. (Code Civ. Proc., § 1094.5; *Miller*, *supra*, 105 Cal.App.5th at p. 282, fn. 9.) Thus, "[o]ur conclusion does not render an employee who believes [they have] been wrongfully denied a disability retirement without remedy." (*Miller*, at p. 282, fn. 9.)

We also reject Lowry's claim that mandamus would not provide an adequate remedy because it does not provide for attorney's fees. This would turn the mandamus requirements on their head. A requirement of mandamus is "there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.) But the law does not provide the reverse, i.e., that a statutory remedy is available whenever mandamus is unavailable or inadequate. Because Lowry is not a qualified employee and there is no evidence that receiving disability retirement payments would facilitate his holding employment, job performance or opportunity for advancement, the denial of such benefits is not actionable under FEHA. The

trial court correctly determined that Lowry could not compel the District to apply for disability retirement payments through FEHA.

DISPOSITION

The judgment is affirmed.  The District shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Hutkin Law Firm and Donald L. Mabry for Plaintiff and Appellant.

Adamski Moroski Madden Cumberland & Green, Michelle L. Gearhart and Joshua M. George for Defendant and Respondent.